UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

Delvin Lloyd Drinkall, Debtor.

Adv. 19-03072
Bky. 19-31858

Chapter 11 Case

---

Delvin Lloyd Drinkall,

   Plaintiff,

v.

Corry & Associates; Robert J. Corry, Jr.,

   Defendants.

---

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT**

---

THIS PROCEEDING is before the court on the Plaintiff's motion for default judgment. Upon the motion, records and proceeding herein, the court makes the following:

**FINDINGS OF FACT**

1. The petitions commencing the debtor's chapter 11 case was filed on June 6, 2019.

2. Plaintiff is the trustee in the chapter 11 case as the debtor in possession.

3. Service was made by summons in accordance with Federal Rule of Bankruptcy Procedure 7004 on the Defendants by serving Corry & Associates, 437 West Colfax, Suite 300, Denver, CO 80204 at the usual place of business and Robert J. Corry, Jr., 9150 E. Jefferson Pl., Denver, CO, 80237-1953 at his usual place of abode on or about August 15, 2019.

4. No extension of time was sought by the Defendants.

5. Defendants have failed to file a responsive pleading or motion to the Complaint or otherwise defend in this adversary proceeding.

6. Plaintiff deposited $475,000.00 in Defendants' trust account. Per Plaintiff's instructions, Defendants were to hold the funds in trust until otherwise instructed by Plaintiff.

7. Defendants continue to possess the funds during the bankruptcy case.

8. Defendants have failed to return or account for the funds upon Plaintiff's demand.

9. Defendants owe Plaintiff the sum of $475,000.00.

10. Plaintiff has incurred costs and disbursements of $350.00.

## CONCLUSIONS OF LAW

1. Defendants are in default for failure to answer the complaint, plead or otherwise defend in this adversary proceeding.

2. The trustee has made demand of Defendants to return $475,000.00 in bankruptcy estate funds deposited in Defendants' trust account.

3. As provided under 11 U.S.C. §542 (a) and (b) Defendants have failed to deliver to the trustee property of the estate in Defendants' possession to the trustee when demand was made.

4. The property, $475,000.00 in cash or cash equivalent in a deposit account held by Defendants is qualifying property under 11 U.S.C. §363 as is not an inconsequential value or benefit to the bankruptcy estate.

5. Plaintiff is entitled to judgment against the defendants in the amount of $475,000.00 plus costs and disbursements of $350.00.

## ORDER FOR JUDGMENT

IT IS ORDERED: The plaintiff shall recover from defendants $475,000.00, plus costs and disbursements of $350.00.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:

_____
William J. Fisher
United States Bankruptcy Judge

4