UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re: Delvin Lloyd Drinkall,

Debtor.

Adv. 19-03072
Bky. 19-31858

_____

Delvin Lloyd Drinkall,

        Plaintiff,

Chapter 11 Case

v.

Corry & Associates; Robert J. Corry, Jr.,

        Defendants.

---

**AFFIDAVIT OF PLAINTIFF DELVIN LLOYD DRINKALL**

---

1. I am the Debtor and Plaintiff in the above-captioned matter and am making this Affidavit in support of my motion for Entry of Default Judgment against Corry & Associates, a law firm in Denver, Colorado, and Attorney Robert J. Corry, Jr., individually.

2. I met Attorney Corry in Iowa at a cattle sale as believed him to be a reputable attorney out of Denver, Colorado.

3. As a client of Attorney Corry, I placed certain funds in Mr. Corry's law office trust account for safekeeping and to ensure the funds would be available when I needed them.

4. I deposited monies by two wires to Corry & Associates' trust account. I am attaching as Exhibit A to this Affidavit a copy of the business checking account with First Farmers and Merchants of Grand Meadow, Minnesota showing a wire of $350,000.00 and $125,000.00 to Attorney Corry's trust account.

5. I informed Attorney Corry that the monies were to remain in his trust account pending my direction on how those monies should be disbursed. At no time were any of the funds property of or otherwise belonging to Attorney Corry or Corry & Associates.

6. I filed a Petition for Chapter 11 Bankruptcy protection on June 6, 2019. I am the Trustee

in the Chapter 11 Bankruptcy filing as the debtor in possession.

7.  The funds I transferred to Attorney Corry and Corry & Associates are property of the Bankruptcy Estate and are owed to the Trustee by Attorney Corry and Corry & Associates.

8.  In July, 2019 I met with Attorney Corry in Denver, Colorado with regard to my deposits into his trust account. Attorney Corry advised me that he had invested those funds because they were substantial and that they should be earning interest. I never instructed or authorized Attorney Corry to invest or move the funds out of his trust account.

9.  At this meeting, Attorney Corry informed me that he would get the deposited funds back to me within a few weeks.

10. Since that meeting, I have continued to demand of Attorney Corry on numerous occasions to return to me the funds I deposited into his firm's trust account. Attorney Corry refuses to respond or give any information with regard to the location of those funds.

11. My attorney at the law firm of Adams Rizzi & Sween, P.A. has also contacted Attorney Corry via telephone calls, emails, and written correspondence. Attorney Corry has not returned any communication to my attorney.

12. Following my failure to obtain any response from Attorney Corry, I commenced this adversary proceeding in Bankruptcy Court for the purposes of obtaining a judgment against attorney Robert J. Corry, Jr., individually and Corry & Associates for the amount representing the funds I wired to Attorney Corry's trust account and any recoverable costs.

13. As of the date of this affidavit, Defendants have not explained what happened to the trust account funds and where they were invested, if in fact they were invested. These funds are in possession of Defendants and funds that the Trustee may use in the Chapter 11

bankruptcy proceeding.

14. Neither Defendant has paid to the bankruptcy estate the funds nor accounted for the funds when demanded by myself or my attorney.

15. I am filing this affidavit in support of my motion for default judgment against Robert J. Corry, Jr., and Corry & Associates law firm.

16. I, Delvin Lloyd Drinkall, Plaintiff in the adversary proceeding, declare under penalty of perjury that the foregoing is true and correct.

Dated: October 16, 2019                    /s/ Delvin Lloyd Drinkall
                                           Delvin Lloyd Drinkall