UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In re:

Delvin Lloyd Drinkall,

        Debtor.

_____

Delvin Lloyd Drinkall,

        Plaintiff,

v.

Corry & Associates, and
Robert J. Corry, Jr.,

        Defendants.

Chapter 11
Bky. No. 19-31858

Adv. No. 19-03072

_____

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT**

_____

This proceeding is before the Court on the Plaintiff's motion for default judgment. [Dkt. No. 9]. Upon the motion, records and proceeding herein, the Court makes the following:

**FINDINGS OF FACT**

1. The petition commencing the Debtor's chapter 11 case was filed on June 6, 2019.

2. The Plaintiff is the trustee in the chapter 11 case as the debtor in possession.

3. Service was made by summons in accordance with Federal Rule of Bankruptcy Procedure 7004 on the Defendants by serving Corry & Associates, 437 West Colfax, Suite 300, Denver, CO 80204 to the attention of Robert J. Corry, Jr. at its place of business; and Robert J. Corry, Jr., 9150 E. Jefferson Pl., Denver, CO, 80237-1953 at

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *10/23/2019*
Lori Vosejpka, Clerk, by DT

1

his usual place of abode on or about August 15, 2019.

4. The Defendants have failed to file a responsive pleading or motion to the Complaint or otherwise defend in this adversary proceeding.

5. As a client of Mr. Corry, the Plaintiff placed $475,00.00 in Mr. Corry's law office trust account for safekeeping and to ensure the funds would be available when the Plaintiff needed them.

6. The Plaintiff informed Mr. Corry that the deposited funds were to remain in the trust account pending direction from the Plaintiff on how the deposited funds should be disbursed. At no time were any of the funds property of or otherwise belonging to the Defendants.

7. The funds transferred from the Plaintiff to the Defendants are property of the Bankruptcy Estate and are owed to the Trustee by the Defendants.

8. In July 2019, the Plaintiff met with Mr. Corry in Denver, Colorado with regard to the deposited funds. Mr. Corry advised the Plaintiff that he had invested those funds because the funds were substantial and should be earning interest.

9. At this meeting, Mr. Corry informed the Plaintiff that he would return the deposited funds within a few weeks.

10. Since that meeting, the Plaintiff has continued to demand on numerous occasions that Mr. Corry return the deposited funds to the Plaintiff. Mr. Corry refused to respond or give any information with regard to the location of the funds.

11. The Defendants have failed to return or account for the funds upon the Plaintiff's demand.

12. The Defendants continue to possess the funds during the bankruptcy case and owe the

Plaintiff the sum of $475,000.00.

13. The Plaintiff has incurred costs and disbursements of $350.00.

## CONCLUSIONS OF LAW

1. The Defendants are in default for failure to answer the complaint, plead or otherwise defend in this adversary proceeding and are in default under Federal Rule of Civil Procedure 55 and Federal Rule of Bankruptcy Procedure 7055.

2. The property, $475,000.00 in cash or cash equivalent in a deposit account held by the Defendants, is qualifying property under 11 U.S.C. § 363 and is not an inconsequential value or inconsequential benefit to the bankruptcy estate.

3. The Plaintiff is entitled to judgment against the Defendants under 11 U.S.C. § 542 in the amount of $475,000.00 plus costs and disbursements of $350.00.

## ORDER FOR JUDGMENT

1. The Plaintiff's motion for default judgement is granted.

2. Default judgment is entered against the Defendants in the amount of $475,000.00, plus costs and disbursements of $350.00.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: _October 23, 2019_

/e/ William J. Fisher
_____
William J. Fisher
United States Bankruptcy Judge