UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:                                                          Bankruptcy No. 19-31858
                                                                Adversary No. 19-03072
Delvin Lloyd Drinkall, Debtor.

Delvin Lloyd Drinkall,

      Plaintiff,

v.

Corry & Associates; Robert J. Corry, Jr.,

      Defendants.

## NOTICE OF HEARING AND
## MOTION TO VACATE DEFAULT JUDGMENT
___

TO:    Debtor Delvin Lloyd Drinkall through his counsel of record, Paul V. Sween, Adams, Rizzi & Sween, P.A., 300 First Street NW, Austin, MN 55912.

### NOTICE OF HEARING

**PLEASE TAKE NOTICE** that Defendants Corry & Associates and Robert J. Corry, Jr., move the Court for a Motion to Vacate Default Judgment in the above-referenced adversary proceeding and will be heard by the Honorable William J. Fisher, Judge of United States Bankruptcy Court at **2:00 p.m. on March 17, 2020**, in Courtroom No. 2B at the United States Courthouse, 316 North Robert Street, St. Paul, MN 55102.

Any response to this motion must be filed and served not later than March 12, 2020 which is five days before the time set for the hearing (including Saturdays, Sundays and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

1

This Court has jurisdiction over this motion pursuant to 28 USC §§ 157 and 1334, FRBP 5005 and Local Rule 1070-1. This motion arises under FRBP 9024 and Rule 60 Fed. R. Civ. P. This motion is filed under FRBP 7007 and Local Rules 7007-1 and 9013-1.

Movant requests relief with respect to the judgment in favor of Plaintiff against Defendants that was entered by this Court in the above-entitled adversary proceeding on or about November 6, 2019. With this motion, Movant requests an order vacating the judgment on the grounds that Plaintiff has no claim against Defendants based on the record of this case as Plaintiff was not the party that transferred the funds that are the subject of the Complaint to Defendants. In addition, based on his own Complaint, Plaintiff has not pleaded a prima facie case under 11 U.S.C. §§ 547 or 548, thereby rendering the alleged claim under section 550 a nullity.

Debtor Delvin Lloyd Drinkall ("Drinkall") filed a Chapter 11 voluntary petition for bankruptcy on June 6, 2019. In his petition, Drinkall lists as an asset a 33% interest in 3D Custom Pumping, (Doc. 1, p. 13). 3D Custom Pumping is not a debtor in the bankruptcy proceeding.

Drinkall filed an adversary case against Defendants on August 9, 2019. (Doc. 26). The Complaint alleged that two wire transfers were made from Drinkall's account to Defendants' trust account. (Id. at ¶ 9). The Complaint alleges that Defendants were to hold the funds in the trust account to be used at the direction of Plaintiff. (Id. at 9.) Drinkall alleged that despite his subsequent demands, Defendants did not return the funds to him. (*Id.*)

However, to evidence the alleged wire transfers of the funds, Drinkall attached to his Complaint "Exhibit A," which is a statement for a "Business Interest Checking Account" for an entity identified as "3D Custom Pumping LLC." 3D Custom Pumping LLC is not a party to either the bankruptcy proceeding or the adversary proceeding. According to the records of the Minnesota Secretary of State, 3D Custom Pumping, LLC is a Minnesota limited liability company that was organized on July 9, 2018 with Drinkall identified as the Manager and Registered Agent. (Declaration of Barry A. O'Neil, Exhibit 1.) Although the Certificate of Service in this matter indicates that service was made on Defendants by U.S. Mail, Defendants did not receive the Complaint and were not aware of the pending proceeding. (Declaration of Robert Corry, Jr.)

Drinkall moved for a default judgment on September 20, 2019. (Adversary Doc. 9.) Although the Certificate of Service for the default motion indicates that service was made on Defendants by U.S. Mail, Defendants did not receive the Notice of Hearing, Motion or supporting papers. (Declaration of Robert Corry, Jr.) Judgment was entered in favor of Drinkall on October 23, 2019 (Doc. 65) and amended on November 6, 2019 (Doc. 69). Defendants first received notice of the entry of judgment through an email sent by Plaintiff's counsel to Travelers Insurance Company, Defendants' professional liability insurance carrier. (Declaration of Robert Corry, Jr.; Declaration of Barry A. O'Neil, Exhibit 2.) After receiving notice of the default judgment, Defendants' counsel inquired with Plaintiff's counsel about whether Plaintiff would stipulate to the vacation of the judgment, but Plaintiff's counsel advised that Plaintiff would not consent. (Declaration of Barry A. O'Neil, Exhibit 3.)

Defendants now move to vacate the judgment on the grounds that the funds transferred to Defendants' trust account were not the property of Debtor/Plaintiff Drinkall and that Drinkall's Complaint fails to properly plead a prima facie claim under sections 547 and 548 of the Bankruptcy Code.

Wherefore, Defendants Corry & Associates and Robert J. Corry, Jr., move the Court for an order that the default judgment entered by the Court in favor of Plaintiff and against Defendants be vacated pursuant to Rule 60 of the Federal Rules of Civil Procedure, along with such other relief as may be just and equitable.

Dated:  February 28, 2020          LOMMEN ABDO, P.A.


                                   /s/ Margie R. Bodas
                                   Barry A. O'Neil, MN Bar No. 220875
                                   Margie R. Bodas, I.D. No. 172376
                                   1000 International Centre
                                   920 Second Avenue South
                                   Minneapolis, MN 55402
                                   Telephone: (612) 336-9342
                                   margie@lommen.com/ barry@lommen.com

                                   *Counsel for Defendants Corry & Associates and
                                   Robert J. Corry, Jr.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:  Bankruptcy No. 19-31858
Adversary No. 19-03072

Delvin Lloyd Drinkall, Debtor.

Delvin Lloyd Drinkall,

      Plaintiff,

v.

Corry & Associates; Robert J. Corry, Jr.,

      Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO VACATE DEFAULT JUDGMENT**
_____

**INTRODUCTION**

Defendants Corry & Associates and Robert J. Corry, Jr. bring this motion pursuant to Bankruptcy Rule 9024 and Fed. R. Civ. P. 60 to vacate a default judgment entered against them. The judgment should be vacated because it is clear from the face of the Complaint and the record that the funds that were transferred to the law firm trust account of Defendants were not the property of the Plaintiff/Debtor Delvin Lloyd Drinkall. Instead, based on the record, the funds were the property of 3D Custom Pumping, LLC, a Minnesota limited liability company in which Drinkall was a 33% owner. Accordingly, Drinkall personally had no claim against Defendants relating to the transferred funds. Additionally, Drinkall's Complaint fails to properly plead a prima facie claim against Defendants under 11 U.S.C. §§ 547 or 548. The default judgment, accordingly, should be vacated pursuant to Rule 60 of the Federal Rules of Civil Procedure.

1

**FACTUAL BACKGROUND**

Debtor Delvin Lloyd Drinkall ("Drinkall") filed a Chapter 11 voluntary petition for bankruptcy on June 6, 2019. In his petition, Drinkall lists as an asset a 33% interest in 3D Custom Pumping, (Doc. 1, p. 13). 3D Custom Pumping is not a debtor in the bankruptcy proceeding.

Drinkall filed an adversary case against Defendants on August 9, 2019. (Doc. 26). The Complaint alleged that two wire transfers were made from Drinkall's account to Defendants' trust account. (*Id.* at ¶ 9.) The Complaint alleges that Defendants were to hold the funds in the trust account to be used at the direction of Plaintiff. (*Id.* at 9.) Drinkall alleged that despite his subsequent demands, Defendants did not return the funds to him. (*Id.*)

However, to evidence the alleged wire transfers of the funds, Drinkall attached to his Complaint "Exhibit A," which is a statement for a "Business Interest Checking Account" for an entity identified as "3D Custom Pumping LLC." 3D Custom Pumping LLC is not a party to either the bankruptcy proceeding or the adversary proceeding. According to the records of the Minnesota Secretary of State, 3D Custom Pumping, LLC is a Minnesota limited liability company that was organized on July 9, 2018 with Drinkall identified as the Manager and Registered Agent. (Declaration of Barry A. O'Neil, Exhibit 1.) Although the Certificate of Service in this matter indicates that service was made on Defendants by U.S. Mail, Defendants did not receive the Complaint and were not aware of the pending proceeding. (Declaration of Robert Corry, Jr.)

Drinkall moved for a default judgment on September 20, 2019. (Adversary Doc. 9). Although the Certificate of Service for the default motion indicates that service was made on Defendants by U.S. Mail, Defendants did not receive the Notice of Hearing, Motion or

2

supporting papers. (Declaration of Robert Corry, Jr.) Judgment was entered in favor of Drinkall on October 23, 2019 (Doc. 65) and amended on November 6, 2019 (Doc. 69). Defendants first received notice of the entry of judgment through an email sent by Plaintiff's counsel to Travelers Insurance Company, Defendants' professional liability insurance carrier. (Declaration of Robert Corry, Jr.; Declaration of Barry A. O'Neil, Exhibit 2.) After receiving notice of the default judgment, Defendants' counsel inquired with Plaintiff's counsel about whether Plaintiff would stipulate to the vacation of the judgment, but Plaintiff's counsel advised that Plaintiff would not consent. (Declaration of Barry A. O'Neil, Exhibit 3.)

Defendants now move to vacate the judgment on the grounds that the funds transferred to Defendants' trust account were not the property of Debtor/Plaintiff Drinkall and that Drinkall's Complaint fails to properly plead a prima facie claim under sections 547 and 548 of the Bankruptcy Code.

## ARGUMENT

The Bankruptcy Rules generally follow Fed. R. Civ. P. 60 for relief from a judgment, with some exceptions not relevant here. Fed. R. Bankr. P. 9024. Rule 60 states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

The default judgment against Defendants should be vacated based on Rule 60(b)(1) and (6). In determining whether there is mistake, inadvertence, surprise or excusable neglect, the

3

court considers all relevant circumstances, including (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *In re Payless Cashways, Inc.*, 230 B.R. 120, 138 (B.A.P. 8th Cir. 1999), *aff'd sub nom. In re Payless Cashways*, 203 F.3d 1081 (8th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)). The existence of a meritorious defense is also a relevant factor. *Union Pac. R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 783 (8th Cir. 2001). These factors support vacating the judgment here.

Most importantly, Defendants have a meritorious defense. It is clear from the face of the Complaint and Exhibit A in particular, that the funds were not transferred from Drinkall's personal account, but rather from the business account of 3D Custom Pumping, LLC. Drinkall's bankruptcy petition further supports the conclusion that he had no claim against Defendants because he admitted he had no claims against third parties (Doc. 1, p. 16) and he answered "No" when asked "Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?" (Doc. 1, p. 70.)

It is clear that the funds that were transferred to Defendants did not come from Drinkall, but rather from 3D Custom Pumping. Therefore, it was error to enter judgment in favor of Drinkall. Since the attached account statements demonstrate that the funds were the property of 3D Custom Pumping, Drinkall had no cause of action to recover the funds personally against Defendants. Moreover, due to this fact and the allegation that the funds were transferred to be held in Defendants' trust account, Drinkall's Complaint fails to properly plead a cause of action against Defendants under 11 U.S.C. §§ 547 or 548. Whatever claims 3D Custom Pumping may

4

have had against Defendants are irrelevant and cannot support a judgment in favor of Drinkall, who has only a minority interest in the business.[1]

In addition, there is no danger of prejudice to the debtor. Mere delay in collecting the judgment, which is inherent in every case, is insufficient to deny a motion to vacate. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir. 1985). The prejudice must be concrete, such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion. *In re Price*, 388 B.R. 901, 909 (Bankr. E.D. Ark. 2008). There is no such prejudice here. If he can actually produce evidence of a claim, Drinkall could litigate the case on the merits against Defendants after the judgment is vacated.

Finally, the delay was relatively short and will not prejudice the proceedings. There is no bright line rule as to what length of delay is considered substantial; rather, the length of delay is considered in relation to its effect on the bankruptcy case. *In re Lyondell Chem. Co.*, 543 B.R. 400, 410 (Bankr. S.D.N.Y. 2016). Here, the default judgment was entered on November 6, 2019. Defendants filed this motion less than four months later. Similar or longer delays have been excused in the past. *See, e.g., In re President Casinos, Inc.*, 397 B.R. 468, 473 (B.A.P. 8th Cir. 2008) (90 days); *In re Indian Motocycle Co., Inc.*, 289 B.R. 269, 281 (B.A.P. 1st Cir. 2003) (nine months); *In re Belmore*, 226 B.R. 433, 435 (Bankr. D. Idaho 1998) (four months). It is well within the one year time limit of Rule 60(c)(1). There is no prejudice from this short delay.

Alternatively, the Court should vacate the default judgment under the catchall provision of Rule 60(b)(6), which allows a court to vacate a judgment "for any other reason that justifies relief." This Rule "vests power in courts to adequately enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Williams v. St. Louis Cty.*, 812 F.2d

---

[1] Defendants reserve the right to raise other meritorious defenses against 3D Custom Pumping if it brings a claim against Defendants.

5

1079, 1083 (8th Cir. 1987) (quoting *Klapprott v. United States*, 335 U.S. 601, 614–15 (1949)). In determining whether to grant a motion under Rule 60(b)(6), courts consider the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process. *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019). These factors are present here. There is a serious injustice in having a judgment entered against Defendants in favor of the incorrect party and it will certainly undermine the public's confidence in the judicial process to see that judgment was entered when on the face of the Complaint it is apparent that Drinkall personally had no claim for the $475,000 against Defendants. Therefore, the judgment should be vacated.

## **CONCLUSION**

"The entry of default judgment is not favored by the law." *In re Jones Truck Lines, Inc.*, 63 F.3d 685, 688 (8th Cir. 1995). Here, it is clear that the default judgment against Defendants and in favor of Drinkall is erroneous because the claim for the funds, if any, belonged to 3D Custom Pumping, LLC, not Drinkall personally. Additionally, the default judgment should be vacated because Drinkall's Complaint fails to properly plead a prima facie claim against Defendants under 11 U.S.C. §§ 547 or 548. Under these circumstances, the Court should grant

the motion to vacate the default judgment, pursuant to Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b)(1) and (6).

Dated:  February 28, 2020 LOMMEN ABDO, P.A.

/s/ Margie R. Bodas
Barry A. O'Neil, I.D. No. 220875
Margie R. Bodas, I.D. No. 172376
1000 International Centre, 920 Second Avenue S
Minneapolis, MN 55402
(612) 339-8131
margie@lommen.com/ barry@lommen.com

*Counsel for Defendants Corry & Associates and Robert J. Corry, Jr.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:  
Delvin Lloyd Drinkall, Debtor.

Bankruptcy No. 19-31858  
Adversary No. 19-03072

Delvin Lloyd Drinkall,

    Plaintiff,

v.

Corry & Associates; Robert J. Corry, Jr.,

    Defendants.

### DECLARATION OF ROBERT CORRY, JR. IN SUPPORT OF MOTION TO VACATE DEFAULT JUDGMENT
___

    I, Robert Corry, Jr., hereby swear or affirm the following, to the best of my knowledge, under penalty of perjury that:

    1.    I am a Defendant in the above-captioned matter and am making this Declaration in support of my Motion to Vacate Default Judgment against myself and Corry & Associates. Corry & Associates is a business name of my law practice, Robert J. Corry, Jr., LLC.

    2.    I previously resided at 9150 E. Jefferson Place, Denver, Colorado 80237, until I moved out on December 23, 2014. On or about that date, I closed on and moved into my present residence at 5585 S. Kenton Way, Englewood, Colorado 80111.

    3.    I still am an owner of the home at 9150 E. Jefferson Place, and maintain it as a rental/investment property with tenants, but have not resided there since December

2014, have not received mail there since then, and mail forwarding has long expired. I do not provide this address to anyone, and have no idea why Delvin Drinkall and/or his attorneys would attempt to reach me at that address, where I have not lived for over five years.

4.  I vacated my previous office at 437 W. Colfax Ave., Suite 300, Denver, Colorado 80204 during the summer of 2019. My office is currently at 600 – 17th Street, Suite 2800, Denver, Colorado 80202. Previous to vacating the Colfax office, I had experienced problems with U.S. Mail delivery, and since leaving that office, mail forwarding has been unreliable.

5.  I did not receive the notice of the adversary action filed by Delvin Drinkall in Federal Bankruptcy Court, nor did I receive the notice of motion for the default judgment or the default judgment in this action. I first received notice of this action from Travelers Insurance Company, my professional liability insurance carrier, in January 2020.

6.  I, Robert Corry, Jr., a Defendant in the adversary proceeding, declare under penalty of perjury that the foregoing is true and correct.

Dated: February 27, 2020

Robert Corry, Jr.

2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | Bankruptcy No. 19-31858 |
| | Adversary No. 19-03072 |
| Delvin Lloyd Drinkall, Debtor. | |

Delvin Lloyd Drinkall,

      Plaintiff,

v.

Corry & Associates; Robert J. Corry, Jr.,

      Defendants.

**DECLARATION OF BARRY A. O'NEIL IN SUPPORT OF
MOTION TO VACATE DEFAULT JUDGMENT**
_____

      Barry A. O'Neil, as attorney for Defendants, states under penalty of perjury that:

      1.     I am one of the attorneys representing Defendants in the above-captioned adversary proceeding.

      2.     Attached to this Declaration as Exhibit 1 is a true and correct copy of the Minnesota Secretary of State business record details of 3D Custom Pumping LLC.

      3.     Attached to this Declaration as Exhibit 2 is a true and correct copy of a January 10, 2020 email from Plaintiff's counsel, Adam Houck, to Travelers Insurance Company.

      4.     Attached to this Declaration as Exhibit 3 is a true and correct copy of an email exchange between Plaintiff's counsel and me dated February 19, 2020. In my email, I advised of Defendants' intention to move to vacate the default judgment in the

1

adversary proceeding and requested that Plaintiff agree to stipulate to the vacation of the default judgment. Plaintiff's counsel advised in response that Plaintiff would not agree to stipulate to vacate the default judgment.

Dated: February 28, 2020	LOMMEN ABDO, P.A.

/s/ Barry A. O'Neil
Barry A. O'Neil, I.D. No. 220875
Margie R. Bodas, I.D. No. 172376
1000 International Centre, 920 Second Avenue S
Minneapolis, MN 55402
Telephone: (612) 339-8131
margie@lommen.com/ barry@lommen.com

*Counsel for Defendants Corry & Associates and Robert J. Corry, Jr.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:                                                                       Bankruptcy No. 19-31858
                                                                                     Adversary No. 19-03072

Delvin Lloyd Drinkall, Debtor.

Delvin Lloyd Drinkall,

       Plaintiff,

v.

Corry & Associates; Robert J. Corry, Jr.,

       Defendants.

## UNSWORN CERTIFICATE OF SERVICE

I, Margie R. Bodas, attorney licensed to practice law in this Court, declare that on February 28, 2020, I caused the following documents:

1. **Defendants' Notice of Hearing and Motion to Vacate Default Judgment;**
2. **Memorandum of Law In Support of Defendants' Motion to Vacate Default Judgment;**
3. **Declaration of Barry A. O'Neil with exhibits;**
4. **Declaration of Robert Corry, Jr.; and**
5. **[Proposed] Order Granting Motion to Vacate Default Judgment;**
6. **Unsworn Certificate of Service**

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic email notification pursuant to the rules of ECF and this constitutes notice pursuant to Local Rule 9006-1(a).

And, I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on February 28, 2020

                                                                               /s/ Margie R. Bodas

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | Bankruptcy No. 19-31858 |
| Delvin Lloyd Drinkall, Debtor. | Adversary No. 19-03072 |

Delvin Lloyd Drinkall,

      Plaintiff,

v.

Corry & Associates; Robert J. Corry, Jr.,

      Defendants.

**ORDER GRANTING MOTION TO VACATE DEFAULT JUDGMENT**
_____

The above-captioned matter came before the undersigned Judge of Bankruptcy Court upon Defendants' Motion to Vacate Default Judgment. Upon all the files, records and proceedings herein, the Court issues the following Findings, Conclusions of Law and Order:

**FINDINGS**

1. Defendants have demonstrated sufficient grounds to support their Motion to Vacate the November 6, 2019 Judgment entered in the above-captioned adversary proceeding.

2. Defendants have presented evidence that the judgment was entered by mistake because the Complaint and the record do not support a claim that the funds transferred to Defendants' trust account were the property of Debtor/Plaintiff Delvin Lloyd Drinkall.

1

    3.      Plaintiff will not suffer unfair prejudice by having to present evidence to support his claim if the default judgment is vacated.

    4.      Defendants presented evidence that they did not have notice of this proceeding prior to the entry of default, that they have acted with reasonable diligence to bring this Motion to Vacate the Default Judgment and that this Motion has been brought in good faith.

## CONCLUSIONS OF LAW

    1.      Based on the foregoing findings, Defendants have met the requirements of Rule 60 of the Federal Rules of Civil Procedure to support their Motion to Vacate the November 6, 2019 Default Judgment;

    2.      Defendants have demonstrated that they have a meritorious defense to the claims alleged by Plaintiff in his Adversary Complaint, that Plaintiff will not suffer unfair prejudice if the default judgment is vacated, and that they have acted with reasonable diligence to support the vacation of the judgment under Rules 60 (1) or (6).

Based on the foregoing, **IT IS HEREBY ORDERED**:

    1.      Defendants' Motion to Vacate Default Judgment is granted in its entirety.

    2.      The judgment entered by this Court in favor of Plaintiff against Defendants on November 6, 2019 is hereby vacated pursuant to Rule 60 of the Federal Rules of Civil Procedure

Dated: _____                    _____
                                                       United States Bankruptcy Judge