UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

Delvin Lloyd Drinkall, Debtor.

Adv. 19-03072

Bky. 19-31858

Delvin Lloyd Drinkall,

Chapter 11 Case

      Plaintiff,

v.

Corry & Associates; Robert J. Corry, Jr.,

      Defendants.

## DEBTOR'S RESPONSIVE MEMORANDUM TO DEFENDANTS' MOTION TO VACATE DEFAULT JUDGMENT

Delvin Lloyd Drinkall ("Plaintiff") submits this memorandum of law in opposition of Defendants Corry & Associates and Robert J. Corry Jr.'s ("Defendants") motion to vacate default judgment in the above-entitled matter.

### FACTS

Plaintiff disputes the following relevant factual allegations within Defendants' memorandum:

1. Plaintiff was a party to the transferred funds that are subject to the Complaint against Defendants. Defendants rely solely on an exhibit to the Complaint showing the funds transferred out of a business account. However, Plaintiff testified to this Court that the transferred funds belonged to Plaintiff personally. (Declaration of Plaintiff, Doc. 11). As such, there is no failure by Plaintiff to plead a prima facie case.

2. Defendants were properly served by U.S. Mail under Fed.R.Bank.P. 7004(b).

94045

## MEMORANDUM OF LAW

Defendants make their motion under Fed. R. Civ. P. 60(b)(1) and (6) (made applicable to this case under Fed. R. Bankr. P. 9024). Defendants cite two factual issues: (1) that the funds transferred to Defendants were not made from an account under Plaintiff's name personally; and (2) Defendants claim that they did not receive service of the case and motion documents by U.S. Mail. Both of these factors are unpersuasive and do not compel this Court to vacate the judgment.

Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. *United States v. Young*, 806 F.2d 805, 806 (8th Cir.1986). The court has wide discretion in ruling on a Rule 60(b) motion and will only reverse for a clear abuse of discretion. *Sellers v. Mineta*, 350 F.3d 706, 715-16 (8th Cir.2003). As movant, Defendants have the burden of pleading and proving reasonable grounds under Rule 60(b)(1) for avoiding the Default Judgment. *In re Shepherds Hill Development Co., LLC*, 316 B.R. 406, 416 (1st Cir. BAP2004). Although default judgments are generally disfavored, competing factors support the policy of finality of judgments. *See Miller v. Certified Construction Co. (In re Smith Mining and Material, LLC)*, 399 B.R. 199, 202 (Bankr.W.D.Ky.2008) (the court acknowledges its preference for deciding matters on the merits but believes equally in the policy in favor of preserving the finality of judgments, even if rendered by default). In this case, there are no "exceptional circumstances" present that support vacation of the default judgment.

Defendants rely on the *Payless Cashways* factors to support vacation of the judgment. *In re Payless Cashways, Inc.* 230 B.R. 120 (B.A.P. 8th Cir. 1999). These factors include (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control

of the movant; and (4) whether the movant acted in good faith. *Id.* at 138. In addition, the existence of a meritorious defense is a factor. *Union Pac. R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 783 (8th Cir. 2001). Defendants do not present facts that support vacating the judgment under this or any other standard.

Defendants argue a meritorious defense solely based on the wire transfer showing the funds were transferred from a business account where Plaintiff is part owner. This is insufficient to allege under the appropriate standard of review that Plaintiff was not the proper party to the underlying action. The case documents explicitly state that the funds belonged to Plaintiff individually. (Declaration of Plaintiff, Doc. 11, ¶¶ 3, 4, and 7 ("I deposited monies by two wires to Corry & Associates' trust account…The funds I transferred to Attorney Corry and Corry & Associates are property of the Bankruptcy Estate and are owed to the Trustee by Attorney Corry and Corry & Associates"). At no time does Plaintiff indicate that the funds were any but personal to Delvin Drinkall.

In their motion, Defendants rely on a technicality that the funds were withdrawn by Plaintiff from his business account. However, Defendants do not allege there was any contract with 3D Custom Printing to support their argument that the wrong party is asserting the claim. Further, Defendants do not dispute the remaining allegations of the Complaint. Therefore, Defendants cannot succeed in their argument that they have a meritorious defense.

Plaintiff is entitled to a presumption that Defendants were properly served by U.S. Mail. Defendants do not dispute the veracity of the affidavit of service in this matter, only that Defendants did not receive the documents. (Aff. Service Doc. 6). A party cannot rebut the presumption of receipt of a mailed document by merely denying receipt, unsupported by evidence. *Merrill Lynch Pierce, Fenner & Smith Inc. v. Dodd (In re Dodd)*, 82 B.R. 924, 928

(N.D. Ill. 1987); *Brackett,* 243 B.R. at 914–15; *Ms. Interpret v. Rawe Druck-und Veredlungs–GmbH (In re Ms. Interpret),* 222 B.R. 409, 413 (Bankr.S.D.N.Y.1998). When a party mails a properly addressed document with sufficient postage, there is a strong presumption that the addressee receives the document. *Hagner v. United States,* 285 U.S. 427, 430 (1932); *Arkansas Motor Coaches, Ltd., Inc. v. C.I.R.,* 198 F.2d 189, 190 (8th Cir. 1952); *Dodd,* 82 B.R. at 928. A signed return of service is prima facie evidence of proper service which a defendant can rebut only by strong and convincing evidence. *Hicklin v. Edwards,* 226 F.2d 410, 414 (8th Cir. 1955). Because Defendants present no additional evidence aside from simply claiming the documents served via U.S. Mail were not received, there is no factual basis to overcome the presumption.

Defendants cannot claim they acted in good faith in these proceedings as they were served via U.S. Mail, contacted via phone, and verbally told of Plaintiff's claims by Plaintiff's counsel throughout the proceedings. (Declaration of Paul Sween). Regarding service by mail, even if a document is improperly addressed, the presumption of receipt still applies, although its effect is weaker. *In re Longardner & Assocs., Inc.,* 855 F.2d 455, 460 (7th Cir.1988). The presumption is strengthened, however, as in this instance, when the sender does not receive any return mail as undeliverable from the post office. *Longardner,* 855 F.2d at 460; *In re STN Enters Inc.,* 94 B.R. 329, 334 (Bankr.D.Vt. 1988); (Declaration of Paul Sween).

Defendants present no factual or legal basis to overcome the presumption that the case documents were properly served by Plaintiff and this Court by U.S. Mail. Further, Defendants were certainly aware of Plaintiff's claims because counsel for Plaintiff contacted Defendants on several occasions during the course of the bankruptcy case via Corry & Associates' business phone number and Robert Corry's cell phone number, speaking to Defendant Robert Corry on at least one occasion. Defendants, for the first time, are now challenging Plaintiff's claims *after*

4

default judgment has been awarded. Due to the above factors, the issue of whether Defendants acted in good faith weighs heavily in Plaintiff's favor. Similarly, because Defendants were given ample opportunity to involve themselves in this action prior to this motion to vacate, the "catch-all" provision under Rule 60(b)(6) does not apply to this case.

Finally, Plaintiff would be prejudiced if this Court granted Defendants' motion. This case involves a large sum of money that Defendants were entrusted to hold for Plaintiff until further instruction. Those funds, nearing a half-million dollars, have been unlawfully converted by Defendants. The substantial delay in answering Plaintiffs' allegations have substantially increased the likelihood of potential for loss of available evidence or fraud. Defendants may have used the past seven months to further cover their tracks and divest themselves of material assets. Therefore, any further delay will prejudice Plaintiff by allowing Defendants time to destroy evidence or conceal assets.

## CONCLUSION

There is no basis, factual, legal or otherwise, to support Defendants' motion to vacate the default judgment. Defendants have not presented a meritorious defense, have not and cannot overcome the presumption the service by U.S. Mail was effective, and cannot demonstrate good-faith on Defendants' part in this case. Given these factors, among others, Defendants are not entitled to the relief sought from this Court.

Dated: March 12, 2020

Paul V. Sween (#107761)
ADAMS RIZZI & SWEEN, P.A.
300 First St. NW, Austin, MN 55912
Phone: (507) 433-7394
Fax: (507) 433-8890
psween@adamsrizzisween.com

COUNSEL FOR PLAINTIFF

5