UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | Bankruptcy No. 19-31858 |
| | Adversary No. 19-03072 |
| Delvin Lloyd Drinkall, Debtor. | |

Delvin Lloyd Drinkall,

      Plaintiff,

v.

Corry & Associates; Robert J. Corry, Jr.,

      Defendants.

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO VACATE DEFAULT JUDGMENT**
_____

      Plaintiff Delvin Lloyd Drinkall ("Drinkall") argues the Court should deny Defendants' motion to vacate the default judgment solely because Drinkall identifies a factual dispute. Drinkall omits the applicable standard of review, which does not permit the court to weigh conflicting evidence in evaluating a motion to vacate a default judgment. Under the correct standard, the judgment should be vacated.

      The key issue in deciding whether a defaulting party has presented a meritorious defense is whether the evidence submitted by the defaulting party "would permit a finding for the defaulting party, not whether it is undisputed." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 785 (8th Cir. 1998). *See also Assmann v. Fleming*, 159 F.2d 332, 336 (8th Cir. 1947) ("If . . . there are adequate allegations of a meritorious defense properly verified, no counter-showing will be received to refute the allegations of merits presented by the moving party."). It is

1

improper and an abuse of discretion to accept one unlitigated version of facts over another. *In re Emmerling*, 223 B.R. 860, 868–69 (B.A.P. 2d Cir. 1997). Therefore, courts accept as true the factual allegations of the defaulting party. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). They do not conduct a mini trial weighing the evidence on each side. *In re Emmons*, 349 B.R. 780 (Bankr. W.D. Mo. 2006). So long as there is "some possibility" the outcome at trial will be different than the result achieved by default, a meritorious defense is established. *Stephenson v. El-Batrawi*, 524 F.3d 907, 914 (8th Cir. 2008).

Drinkall ignores this standard of review when he asks the Court to deny the motion to vacate based solely on his own affidavit. Defendants have presented evidence that the wire transfer came from 3D Custom Pumping and, therefore, the money belonged to the business, not to Drinkall. Drinkall may dispute this evidence at trial, but the factual dispute alone cannot overcome a motion to vacate.

Moreover, Drinkall's affidavit does not even support judgment in favor of him. Critically, Drinkall never states the money is his. He states only that he "placed certain funds in Mr. Corry's law office trust account" and he "deposited monies by two wires" into the trust account. (Drinkall Aff. at ¶¶ 3-4).[1] Even if true, the fact that Drinkall deposited the money does not mean that the money was his. Drinkall's allegations do not support a judgment solely in favor of Drinkall when the money came from a business of which he owns only a one-third minority share. (Doc. 1, p. 5).

Finally, it should be noted that if the Court allows the default judgment to stand, Defendants are exposed to the risk of multiple, duplicative judgments because 3D Custom

---

[1] Drinkall also states in his affidavit that "The funds I transferred to Attorney Corry and Corry & Associates are property of the Bankruptcy Estate and are owed to the Trustee by Attorney Corry and Corry & Associates," but this statement is a legal conclusion on which Drinkall is not qualified to opine.

Pumping could pursue a claim against Defendants based on the same allegations. To avoid this injustice, the Court should vacate the default judgment and allow this case to proceed to its merits so that the proper plaintiff can be correctly identified and the dispute can be resolved once and for all.

Dated:  March 13, 2020						LOMMEN ABDO, P.A.

/s/ Barry A. O'Neil
Barry A. O'Neil, I.D. No. 220875
Margie R. Bodas, I.D. No. 172376
1000 International Centre, 920 Second Avenue S
Minneapolis, MN 55402
(612) 339-8131
margie@lommen.com/ barry@lommen.com

*Counsel for Defendants Corry & Associates and Robert J. Corry, Jr.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:  
Delvin Lloyd Drinkall, Debtor.

Bankruptcy No. 19-31858  
Adversary No. 19-03072

Delvin Lloyd Drinkall,

  Plaintiff,

v.

Corry & Associates; Robert J. Corry, Jr.,

  Defendants.

### UNSWORN CERTIFICATE OF SERVICE

  I, Barry A. O'Neil, attorney licensed to practice law in this Court, declare that on March 13, 2020, I caused the following documents:

1. **Reply Memorandum of Law In Support of Defendants' Motion to Vacate Default Judgment;**
2. **Unsworn Certificate of Service**

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic email notification pursuant to the rules of ECF and this constitutes notice pursuant to Local Rule 9006-1(a).

  And, I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on March 13, 2020

            /s/ Barry A. O'Neil