UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re: Delvin Lloyd Drinkall,
Debtor.

Adv. 19-03072
Bky. 19-31858

Delvin Lloyd Drinkall,

Chapter 11 Case

    Plaintiff,

v.

Corry & Associates; Robert J. Corry, Jr.,

    Defendants.

**AFFIDAVIT OF ATTORNEY'S FEES**

Paul V. Sween, being first duly sworn on oath, states as follows:

1. I am the attorney for Plaintiff in this action.

2. I make this Affidavit pursuant to the Court's Order instructing Plaintiff's attorney submit an affidavit for fees in bringing the motion for default judgment in the original instance [Dkt. No. 35].

3. There were primarily three professionals working on this file. My billable rate on this file is $335 per hour. Attorney Adam Houck's rate on this file is $285 per hour. My paralegal's billable rate on this file is $140 per hour.

4. The attorney's fees and costs associated with bringing the default judgment motion in the original instance are $11,383.75. This includes $10,926.75 in attorney's fees and $457.00 in costs. Attorney's fees are itemized on the attached Exhibit A.

5. The above fees and costs are summarized as follows:

    a. $5,154.25 in attorney's fees drafting, filing, and appearing at the initial motion hearing from August 28, 2019 to October 15, 2019 totaling 23.3 hours.

    b. $5,772.50 in attorney's fees locating Defendants' malpractice insurance carrier, transcribing the judgment to U.S. District Court for the District of Colorado and Mower County District Court, preparing and serving garnishment summons on Wells Fargo Bank of Austin, Minnesota, and preparing and serving a subpoena for information on Defendants' accounts at Wells Fargo from October 24, 2019 to February 17, 2020 totaling 24.25 hours.

    c. $457 in court fees transcribing the judgment, garnishment fees, and subpoena service fees.

6. The above description includes no fees or costs associated with amending Plaintiff's original motion for default judgment or following the notice of appearance of Defendants' counsel. Prior to February 18, 2020 Defendants were not represented by counsel and there was no indication Defendants would bring a motion to vacate the judgment. As described in paragraphs 5b and 5c above, in the months between obtaining default judgment and Defendants retaining counsel, Plaintiff expended considerable time and expense attempting to locate Defendants' assets, accounts, and insurance coverage in order to satisfy the judgment.

7. I, Paul V. Sween, attorney for Plaintiff, declare under penalty of perjury that the foregoing is true and correct.

Dated: May 14, 2020

/e/ *Paul V. Sween*
Paul V. Sween (#107761)
ADAMS RIZZI & SWEEN, P.A.
300 First St. NW
Austin, MN 55912
Phone: (507) 433-7394
Fax: (507) 433-8890
psween@adamsrizzisween.com

COUNSEL FOR PLAINTIFF

3