UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re:<br><br>Delvin Lloyd Drinkall, Debtor. | Bankruptcy No. 19-31858<br>Adversary No. 19-03072 |

Delvin Lloyd Drinkall,

    Plaintiff,

v.

Corry & Associates; Robert J. Corry, Jr.,

    Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S AFFIDAVIT OF ATTORNEY'S FEES**

    In its May 11, 2020 Order, the Court stated, "The Defendants shall first pay the Plaintiff's attorney fees in bringing the default motion in the original instance (not the time spent to cure deficiencies raised by the Court at the first hearing)." In response, Plaintiff submitted an affidavit requesting approximately $11,000 in attorney fees, which go far beyond those incurred in "bringing the default motion in the original instance." Defendants object for several reasons.

    First, Defendants object to Plaintiff's request for fees relating to the time it took Plaintiff's attorneys to apparently meet and discuss with each other how to bring a default motion. The time summary by Plaintiff's counsel includes over 10 hours attributed to office conferences between attorneys and paralegals. Defendants should not have to pay for all of the time for multiple professionals conferring about the relatively straightforward procedure for filing a motion for a default judgment.

1

Defendants also assert the time billed is excessive. For example, Plaintiff requests payment for over five hours to prepare for and attend the telephone hearing on the default judgment motion on October 15, 2019. It was not necessary for two attorneys to attend and apparently bill for the hearing, and due to the block billing entry, it is not possible to determine how much is being billed on each of the listed tasks and for attendance at the default hearing. But over five hours of time for two attorneys to prepare for and attend what appears to have been about a fourteen minute hearing, according to the description of the audio file for the hearing on the Court's docket (Dkt. No. 12), seems excessive and inappropriate.

Defendants object to the $5,772.50 in attorney's fees that Plaintiff seeks for "locating Defendants' malpractice insurance carrier" and the additional collection activities noted in paragraph 5.b. of the Affidavit of Plaintiff's counsel.  Since the Court's order was expressly limited to attorney's fees spent to bring the default motion, the post-judgment collection activity goes beyond the scope of the Court's order, and Defendants should not be required to pay for it.

Defendants additionally object to Plaintiff's submission of block billing records, which make it difficult to determine whether the amount of time spent on particular tasks was reasonable. To the extent the Court concludes any block billing entries contain some tasks for which fees are recoverable and some tasks for which they are not, the Court should deny attorney fees for the entire entry due to Plaintiff's failure to identify how much time was spent on each task.

Finally, Plaintiff has failed to provide an invoice detailing the attorney fees that were actually billed to the client and instead simply lists certain time entries in a chart attached to the affidavit. Without an invoice, Plaintiff has not shown that the amounts claimed were actually contemporaneously recorded and intended to be charged to the client. Since the entries include

tasks that could arguably be viewed as double billing for the same services, it seems unlikely that all of the time on the summary would have been charged to Plaintiff, and it is noteworthy that Plaintiff's counsel does not attest that all of the fees listed on the summary were billed to or paid by Plaintiff. Defendants should not be required to reimburse attorney's fees for services that were not ultimately intended to be billed to and paid by Plaintiff.

                Respectfully submitted,

Dated:  May 19, 2020          LOMMEN ABDO, P.A.

/s/ Barry A. O'Neil
Barry A. O'Neil, I.D. No. 220875
Margie R. Bodas, I.D. No. 172376
1000 International Centre
920 Second Avenue South
Minneapolis, MN 55402
Telephone: (612) 336-9342
margie@lommen.com/ barry@lommen.com

*Counsel for Defendants Corry & Associates and Robert J. Corry, Jr.*